IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
INDIANA HARBOR BELT RAILROAD   )
COMPANY,                       )
                               )
     Plaintiff,                )
                               )
     v.                        )   NO. 2:17-cv-287
                               )
UNITED RAIL SERVICE, INC.      )
And UNITED TRANSPORTATION      )
GROUP, INC.,                   )
                               )
     Defendant.                )
```

## OPINION AND ORDER

This matter is before the Court on the Counter-Defendant's Motion to Dismiss Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a More Definite Statement Pursuant to Rule 12(E) and to Strike Pursuant to Rule 12(F), filed by Counter-Defendant, Indiana Harbor Belt Railroad Company, on December 14, 2017 (DE #21). For the reasons set forth below, the Motion (DE #21) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the Motion for a More Definite Statement Pursuant to Rule 12(e) and United Rail is **ORDERED** to file an amended counterclaim within 14 days from the date of this Order that adequately pleads sufficient factual matter to state claims that are plausible on their face, provides notice to Indiana Harbor of its claims, and satisfies Rule 10(b) by setting forth each claim in a separate count. The Motion is **DENIED WITHOUT PREJUDICE** to refiling at a later time as to the Motion to Dismiss pursuant to Rule 12(b)(6) and the Motion to Strike pursuant to Rule 12(f).

BACKGROUND

Plaintiff, Indiana Harbor Belt Railroad (hereinafter "Indiana Harbor"), filed a complaint in this case on July 3, 2017 (DE #1), pursuant to 49 U.S.C. § 10101 *et seq.*, to collect certain freight, demurrage and storage charges for railcars delivered to Defendants, United Rail Service, Inc. and United Transportation Group, Inc. (hereinafter "United"). The deliveries in question were made to defendants at their facility in East Chicago between July 2014 and October 2016. (*Id.* ¶ 6.)

United filed an answer and counterclaim on October 26, 2017. (DE #13.) The counterclaim does not specify the damages requested, and seems to invoke a number of legal theories (including breach of contract, negligence, trespass, and monopoly), but without setting forth separate counts.

Indiana Harbor seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, a more definite statement pursuant to Rule 12(e), and to strike pursuant to Rule 12(f). In response, United argues that it has set forth the specific elements and factual support to defeat any challenge under Rule 12(b)(6) for negligence, breach of contract, damages, trespass, monopoly, and estoppel. (DE #25.) Indiana Harbor filed a reply on January 3, 2018 (DE #26). Therefore, this motion is fully briefed and ready for adjudication.

DISCUSSION

The sufficiency of a complaint can be tested in several ways under Rule 12, including a motion to dismiss for failure to state

2

a claim pursuant to Rule 12(b)(6); a motion for a more definite statement of a vague or ambiguous complaint pursuant to Rule 12(e), or a motion to strike redundant, immaterial, impertinent, or scandalous matter in a complaint pursuant to Rule 12(f). In this case, Indiana Harbor has invoked all three of these avenues in the same motion. However, Indiana Harbor largely argues that the counterclaim does not contain sufficient factual allegations to put it on notice of any plausible claims.

Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal

3

conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

United Rail points to the following material facts in the counterclaim (actually, they point to all of the allegations in the counterclaim in its entirety), contending they have sufficiently complied with Rule 8, and sufficiently stated claims:

1. IHB delivered rail cars to URS under an agreement among URS and IHB from 1986 through June 2014.

2. URS and UTG never had the ability to call in particular rail cars or groups of rail card during this period.

3. IHB, in its sole discretion, determined which rail cars to deliver to URS and when to deliver those rail cars.

4. By the conduct described in Paragraph 3, IHB restricted and limited the number of rail cars URS could service for its customers.

5. Throughout this period of time, IHB did not collect demurrage charges against URS.

6. On August 26, 2014, however, IHB issued, for the first time, an invoice to URS for demurrage charges related to the month of July 2014.

7. URS never requested IHB to store rail cars, nor did URS ever request delayed delivery of rail cars from IHB to URS.

8. IHB's unilateral identification of deliverable rail cars and determination of timing of delivery of said rail cars presents the sole basis for demurrage charges referenced in its invoice from August 2014.

9. On October 24, 2014, IHB issued two (2) more invoices to URS reflecting demurrage charges.

10. URS disputed each demurrage charge reflected in all invoices IHB delivered to URS.

4

11. Demurrage charges continued in spite of said objection, without prior notice of the imposition of, or explanation from IHB as to the basis for, said demurrage charges.

12. Not until March 24, 2015, did IHB agree to sit down to discuss the demurrage charges with URS, at which meeting IHB explained, for the first time, that IHB now required URS to individually call in rail cars every day for delivery to avoid further demurrage charges.

13. URS requested a copy of whatever formed the basis for IHB's demurrage charges against URS, as well as a copy of the methodology for calculating the demurrage charges, but IHB never responded.

14. Through the period from 1986 through 2016, IHB asserted control over URS and UTG's switch lines and leads, often prohibiting URS and UTG's use of said switch lines and leads for one (1) or more days per week regardless of URS or UTG's need for service.

15. IHB invoiced URS full switch charges for delivery of rail cars, but only dropped each rail car at the incoming lead - about half (½) the service for which URS and UTG had bargained for within IHB. IHB's practice resulted in gross overbilling for services rendered to URS.

16. Often, IHB stored other customers' rail cars on URS and UTG leads without permission from or recompense to URS and UTG, which recompense URS and UTG expected to receive from IHB.

17. IHB caused damage to URS and UTG property through its negligent movement of rail cars, which property IHB held a duty to protect; a duty IHB breached and proximately caused URS and UTG damages.

18. IHB has monopolized rail service at the URS and UTG location in East Chicago, with monopolization resulted in oppression and damage to URS and UTG for which IHB be required to compensate URS and UTG.

19. While URS and UTG are not asserting a claim for punitive damages as part of this counterclaim, discovery and investigation may uncover a dilatory and intentional effort by IHB to apply rules and regulations IHB knew or very likely should have known did not apply to URS and UTG. As such, URS and UTG reserve their right to assert a claim for punitive damages as part of their Counterclaim herein.

(DE #13.)

Here, reading these factual allegations in their entirety, the Court cannot say that at this stage of the proceedings that it appears, beyond reasonable doubt, that United Rail can prove no set of facts entitling it to relief. *See Conley v. Gibson*, 355 U.S. 42, 45-46 (1957). This motion is premature.

Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . (1) on its own; or (2) on motion made by a party." Rule 12(f) motions are generally disfavored. *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). However, a motion to strike that expedites litigation by removing "unnecessary clutter" should be granted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-58, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006) ("[R]epetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown.").

After reviewing the counterclaim, the Court finds that the motion to strike is premature given the early stage of the litigation. Rather, the better practice is to move for a more definite statement under Rule 12(e), which is addressed below.

Rule 12(e)

Rule 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note. In considering whether to grant a Rule 12(e) motion for a more definite statement, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to the liberal notice-pleading standard and the availability of discovery, "Rule 12(e) motions are generally disfavored" and should be granted "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *United States of Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 303 (N.D. Ill. 1987).

Regarding the motion under Rule 12(e), Indiana Harbor argues that the counterclaim "fails to state a claim upon which relief can be granted, because although it seems to allege certain 'bad conduct' by IHB in the course of its dealings with United, it fails to give IHB notice of precisely how this 'bad conduct' entitles United to some relief." (DE #21 at 3.) It is well settled that Rule 12(e) motions should not be used as a substitution for

7

discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011). However, a motion for a more definite statement is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

This Court is satisfied that this is not an impermissible Rule 12(e) motion just seeking discovery; but rather, that United Rail has stated vague and ambiguous allegations in the counterclaim, the claims are unclear, and Indiana Harbor would have difficulty filing an answer. Indeed, it is not evident from the counterclaim what exact claims are being alleged. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

Indiana Harbor additionally points out that the counterclaim runs afoul of Rule 10(b), which states in pertinent part that "[i]f doing so would promote clarity, each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). "Although Rule 10(b) does not specify the appropriate remedy for violations of its provisions, courts retain the inherent power to order compliance with the rule." *Three D Dep'ts, Inc. v. K Mart Corp.*, 670 F.Supp. 1404, 1409 (N.D. Ill. 1987) (dismissing count with leave to replead where it combined three separate factual occurrences). As noted by the Seventh Circuit, Rule 10 requires the pleader to state his claims in separate numbered paragraphs, to give defendants fair notice of the claims against them and the grounds supporting the claims.

*Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011). As Judge Simon aptly put it, the requirements of Rule 10(b) "are not just technical requirements. They are necessary for the orderly handling of litigation in federal court." *Davis v. Alabama Dep't of Human Resources of Limestone Cy., Alabama*, 2:16-cv-120-PPS, 2017 WL 930649, at *1 (N.D. Ind. Mar. 9, 2017).

The instant counterclaim makes it impossible for Indiana Harbor to respond, because it is difficult to decipher what claims are alleged against it. For example, the counterclaim suggests a number of theories, including a reference to "trespass" and "monopoly," and theories under state law, but these counts are not separated out or supported by sufficient allegations. United Rail generally alleges an "agreement," but then does not allege which contract it is referring to, or how Indiana Harbor allegedly breached that agreement. In its response, United Rail argues that "Defendants clearly show this Court the negligent nature of Plaintiff's actions by failing to abide by the contractual duty that was agreed upon between the Parties regarding their agreement to store and move railcars" (DE #25 at 4) which seems to mix together negligence, breach of contract, and possibly negligent breach of contract claims. It is important to flesh out the counts United Rail is alleging - as noted by Indiana Harbor, as a regulated common carrier, some claims for breach of contract relating to rates charged or service provided may be preempted. *See, e.g., Gateway, Inc. v. Burlington Northern and Santa Fe Ry. Co.*, No. 01 C 9482, 2002 WL 1822919, at *2-3 (N.D. Ill. 2002) (recognizing certain claims against rail carriers are preempted).

9

If United Rail is attempting to state causes of actions under Indiana law (like breach of contract, trespass, or negligence), it should allege the elements of each action. For example, for a negligence claim, United Rail should plead facts identifying a duty and how Indiana Harbor allegedly breached that duty. "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right.'" *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) (quotation omitted). Given all the avenues of relief Indiana Harbor seeks in this case, requiring United Rail to prepare a more definite statement that complies with Rule 10(b) seems like the most fair route for the Court to take.

For all of these reasons, the Court **GRANTS** the motion for a more definite statement under Rule 12(e). United Rail has 14 days from the date of this Order to file an amended counterclaim that adequately pleads the facts and elements of each cause of action and satisfies Rule 10(b) by setting forth each claim in a separate count.

CONCLUSION

For the reasons set forth below, the Motion (DE #21) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the Motion for a More Definite Statement Pursuant to Rule 12(e) and United Rail is **ORDERED** to file an amended counterclaim within 14 days from the date of this Order that adequately pleads sufficient

factual matter to state claims that are plausible on their face, provides notice to Indiana Harbor of its claims, and satisfies Rule 10(b) by setting forth each claim in a separate count.  The Motion is **DENIED WITHOUT PREJUDICE** to refiling at a later time as to the Motion to Dismiss pursuant to Rule 12(b)(6) and the Motion to Strike pursuant to Rule 12(f).


**DATED: April 17, 2018**         **/s/ RUDY LOZANO, Judge**
                                  **United States District Court**