# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| INDIANA HARBOR BELT RAILROAD COMPANY, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED RAIL SERVICE, INC., UNITED )<br>TRANSPORTATION GROUP, INC., )<br>Defendants, )<br>_____)<br>)<br>UNITED RAIL SERVICE, INC., UNITED )<br>TRANSPORTATION GROUP, INC., )<br>Counterclaim Plaintiffs, )<br>)<br>v. )<br>)<br>INDIANA HARBOR BELT RAILROAD )<br>COMPANY, )<br>Counterclaim Defendant. ) | CAUSE NO.:2:17-CV-287-RL-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f) [DE 19], filed by Plaintiff/Counterclaim Defendant Indiana Harbor Belt Railroad Company on December 13, 2017. Harbor Belt filed its Complaint for payment of certain freight and demurrage charges against United Rail on July 3, 2017. On October 26, 2017, United Rail filed its answer, affirmative defenses, and counterclaims. In the instant Motion, Harbor Belt requests that the Court strike all of United Rail's affirmative defenses as insufficient. United Rail filed a response on December 27, 2017. Harbor Belt filed a reply on January 3, 2018.

**I.      Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.     Analysis**

Plaintiff argues that the Court should strike all ten of Defendant's affirmative defenses.

      A.      <u>First Affirmative Defense</u>

United Rail's first affirmative defense states, in its entirety, "Plaintiff cannot sustain a claim against Defendants while monopolizing, or attempting to monopolize, trade or commerce among the several states in violation of Section 2 of the Sherman Antitrust Act." Harbor Belt argues that this statement lacks facts to support a claim of monopoly and also fails to explains how a monopoly would serve as an affirmative defense against a claim of nonpayment of freight and demurrage charges. The Court agrees that this affirmative defense is the type of "bare bones conclusory allegation" which may be stricken because it "omits any short and plain statement of facts and fails totally to allege the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1294. Accordingly, the first affirmative defense will be stricken.

B.  Second Affirmative Defense

United Rail's second affirmative defense is grounded in estoppel and asserts that "Plaintiff is estopped from asserting its claims against Defendants through course of conduct and agreement, which Plaintiff intended Defendants to rely upon, not to enforce prior rights, upon which Defendants did in fact rely." While it lacks specific facts about the conduct upon which United Rail relied, those facts are pled in clear detail elsewhere in the pleading, as part of United Rail's counterclaim. The affirmative defense provides a sufficient "short and plain statement of facts" to put Harbor Belt on notice as to the substance of the defense being pled. Therefore, the second affirmative defense will not be stricken.

C.  Third and Fourth Affirmative Defenses

United Rail's third affirmative defense states that "Plaintiff's claims are wholly based upon tariffs that do not apply to Defendants," and the fourth states that Harbor Belt seeks to enforce an "incorrect tariff." Harbor Belt first objects to these affirmative defenses as conclusory, then argues

that United Rail's statements about tariffs are substantively incorrect. The Court agrees that the statements are conclusory. Moreover, an affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims. *See E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 184 (7th Cir. 2013) ("The essence of an affirmative defense is that it assumes the plaintiff can prove its factual allegations[,but it] . . . raises additional facts or legal arguments that defeat liability nonetheless.") United Rail's tariff-related statements do not appear to be affirmative defenses; instead, they are denials of a necessary element of Harbor Belt's claim. *See E.E.O.C. v. SVT, LLC*, No. 2:13-CV-245-PRC, 2013 WL 6045972 (N.D. Ind. Nov. 14, 2013) (striking what was "essentially a denial of liability or causation" labeled an affirmative defense because it was not actually an affirmative defense). Accordingly, the third and fourth affirmative defenses will be stricken.

    D.    <u>Sixth Affirmative Defense</u>

In its sixth affirmative defense, United Rail states that Harbor Belt "failed to provide notice" of United Rail's liability for the alleged charges, and that therefore it "cannot sustain its claim." Harbor Belt responds with a lengthy legal and factual analysis countering United Rail's notice defense. The contention that Harbor Belt failed to provide notice of the disputed charges is a sufficient factual assertion to put Harbor Belt on notice as to what is being pled. Additionally, United Rail correctly notes that Harbor Belt's substantive argument is premature at this stage of the litigation. Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *US v. 416.81 Acres*, 514 F.2d at 631. Here, substantial questions of both fact and law remain as to whether United Rail had sufficient notice of the disputed charges. Therefore, the sixth affirmative defense will not be stricken.

### E. Seventh Affirmative Defense

United Rail's seventh affirmative defense states that the amount of the account stated between the parties "has been satisfied through the tender of payment by [United Rail]." Harbor Belt counters this with opposing factual allegations. United Rail's assertion that it tendered payment provides Harbor Belt with sufficient notice as to the factual basis for the defense being pled, and substantial questions of fact underlie this affirmative defense. Therefore, seventh affirmative defense will not be stricken.

### F. Eighth Affirmative Defense

In the eight affirmative defense, United Rail cites discharge of liability through "accord and satisfaction." Harbor Belt objects on the basis that United Rail has pled no facts to support a defense of either accord or satisfaction. Like the defense related to monopoly, this affirmative defense consists of a bare bones legal conclusion lacking in any factual basis. Because a bare assertion of accord and satisfaction does not put Plaintiff on reasonable notice as to the elements Defendant intends to prove, the eighth affirmative defense will be stricken.

### D. Fifth, Ninth, and Tenth Affirmative Defenses

In its response to the Instant Motion, United Rail indicates that it agrees to withdraw the fifth and ninth affirmative defenses, which assert that Harbor Belt is subject to regulations applicable to Class I railroads, and its tenth affirmative defense, which recites a litany of legal doctrines bereft of any factual assertions to support them. Because United Rail agrees to withdraw these defenses, they will be stricken.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Motion to Strike Affirmative Defenses [DE 20] and **ORDERS** that Defendant's first, third, fourth, fifth, eighth, ninth, and tenth affirmative defenses are **STRICKEN**. The second, sixth, and seventh affirmative defenses remain.

Also before the Court is an Alternative Motion for Leave to Amend Defendants' Affirmative Defenses [DE 24], filed by United Rail on December 27, 2017. United Rail moves for leave to re-file its affirmative defenses should any be stricken. Local Rule 15-1 provides, "Motions to amend a pleading must include the original signed proposed amendment as an attachment." N.D. Ind. L.R. 15-1(a). United Rail did not attach the proposed amendment as an exhibit to the instant Motion.

Accordingly, the Court hereby **DENIES without prejudice** the Alternative Motion for Leave to Amend Defendants' Affirmative Defenses [DE 24] with **leave to refile** a Motion that complies with Local Rule 15-1, on or before **May 31, 2018**.

SO ORDERED this 1st day of May, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record